O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANK SPEROW,<br><br>          Petitioner,<br><br>    v.<br><br>CHARLES WILLIAMS,<br><br>          Respondent. | Case No. LA CV 14-6913 DMG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

     Petitioner's Objections generally reiterate arguments made in the Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation.

     There are two issues, however, that warrant brief discussion here.

//
//
//
//
//

1

First, Petitioner challenges the Magistrate Judge's finding that he failed to exhaust his claim for "22 days of credit for overserved time" ("Overservice Claim").[1] (Reply at 8.) In support, Petitioner cites the BOP's response to his administrative appeal of the Vacatur Claim, in which passing reference is made to Petitioner's disputed release date. (Objections at 5.) It is plain from the record, however, that Petitioner has not presented, and the BOP has not expressly considered, Petitioner's Overservice and GCT Claims. (*See* Pet. Ex. K.) As such, the Court has discretion, but is not required, to excuse Petitioner's "faulty exhaustion," and reach the merits of these claims. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). For the reasons articulated in the Magistrate Judge's Report and Recommendation, the Court finds that exhaustion is warranted here.[2] (*See* Report at 5-6.)

Second, Petitioner challenges the Magistrate Judge's finding that Petitioner's Overservice and GCT Claims were raised for the first time in his Reply. In support, Petitioner observes that the claims at issue, like the claim in his Petition, generally "challeng[e] the accuracy of the BOP's sentence computation as it applies to the Petitioner's projected release date." (Objections at 5.) As a rule, a habeas claim must be supported by a "statement of specific facts" establishing that habeas relief is warranted. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Here, the Petition plainly does not contain Petitioner's second and third habeas claims, let alone support each claim with a "statement of specific facts." *See id.* As such, the Court declines to address these claims for the additional reason that they were raised for the first time in

---

[1] By way of background, in his Petition, Petitioner claimed entitlement to prior custody credit for time that he spent in custody between the Ninth Circuit's vacatur of his Oregon sentence and the Oregon District Court's resentencing ("Vacatur Claim"). (Pet. at 7.) In his Reply, Petitioner set forth his Overservice Claim, and also claimed that he should receive 235 days of "vested Good Conduct Time" ("GCT Claim"). (Reply at 8.)

[2] Notably, following this Court's dismissal of Petitioner's *first* unexhausted § 2241 petition, Petitioner successfully exhausted his Vacatur Claim with the BOP in a matter of months. *See Sperow v. Graber*, 2014 WL 1291406 (C.D. Cal. Mar. 31, 2014); (Pet. Ex. K).

2

1 | Petitioner's Reply. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)
2 | (declining to consider claim raised for first time in reply).
3 |     Accordingly, IT IS ORDERED THAT:
4 |     1.    The Report and Recommendation is approved and accepted; and
5 |     2.    Judgment be entered dismissing Petitioner's Vacatur Claim with
6 | prejudice, and dismissing Petitioner's Overservice Claim and GCT Claim without
7 | prejudice.

DATED: March 29, 2016

                                DOLLY M. GEE
                                UNITED STATES DISTRICT JUDGE